# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 CV 7898 (06 CR 514) | **DATE** | October 2, 2012 |
| **CASE TITLE** | *Heriberto Concilion Cervantes v. United States* | | |

**DOCKET ENTRY TEXT**

Heriberto Concilion-Cervantes' "Motion to Reinstead, and Issue Previously Preserved To Vacate Set Aside or Correct Sentence" under 28 U.S.C. § 2255 [1-1], and "Petitioner's Certificate of Appelibility, Motion" [2] are before the court. The motions are denied. It appears that Mr. Concilion Cervantes has now been released from custody, and the court regrets the administrative error that led to the delay in issuing this order. However, under the collateral consequences doctrine, his § 2255 motion does not appear to be moot. *See United States v. Wilson*, 240 Fed. Appx. 139, 144 (7th Cir. 2007). Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the court declines to issue a certificate of appealability because Mr. Concilion Cervantes has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

■ [ For further details see text below.]                                                          Docketing to mail notices.

00:00

# STATEMENT

After accepting his plea of guilty to one count of conspiracy to possess with intent to distribute a controlled substance (namely, cocaine), the court sentenced movant Heriberto Concilion Cervantes on November 15, 2007, to 57 months' incarceration. The judgment was entered on December 10, 2007. Mr. Concilion Cervantes did not file a direct appeal.

On November 4, 2008, Mr. Concilion Cervantes mailed to the court the first of two *pro se* post-trial motions. The first is entitled "Motion to Reinstead, and Issue Previously Preserved To Vacate Set Aside or Correct Sentence," in which he expresses his desire to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and asks to be sent the appropriate paperwork. He did not identify the basis for his requested relief. On November 26, 2008, he mailed the second *pro se* motion, this one entitled "Petitioner's Certificate of Appelibility, Motion." Despite its title, the motion seeks not a certificate of appealability but, rather, sets out the basis upon which he asks the court to vacate and correct his sentence. Specifically, Mr. Concilion Cervantes argues that the court engaged in plain error when it enhanced his sentence under the U.S. Sentencing Guidelines based on facts which had not been presented to a jury or proven beyond a reasonable doubt. The court shall consider Mr. Concilion Cervantes' filings in tandem as a single motion to vacate, set aside, or correct his sentence.

The court begins by noting that it only recently became aware of Mr. Concilion Cervantes' filings. The court deeply regrets the delay in addressing the § 2255 motion, especially in light of the fact that Mr. Concilion

**STATEMENT**

Cervantes was released from custody during its pendency.

However, even if the court resolved his motion earlier, his sentence would have been unaffected because the motion is unavailing for multiple reasons. First, challenges to the district court's application of a Sentencing Guidelines provision generally must first be raised on direct appeal, not in a § 2255 motion. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) ("a habeas corpus petition is rarely if ever the proper vehicle by which to challenge the application of a Sentencing Guideline provision where the sentence has become final and the petitioner did not directly appeal the issue."). To raise such an issue for the first time under § 2255, a movant must make "a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." *Id.*. Mr. Concilion Cervantes has not made any showing of good cause for failing to raise his argument on direct appeal or any miscarriage of justice, and none is apparent from the record. Thus, the argument is procedurally barred. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009) (movant's "claim was procedurally barred because claims cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal").

In any event, even if this issue was properly before the court, Mr. Concilion Cervantes' characterization of the computation of his sentence under the U.S. Sentencing Guidelines is inaccurate. The probation officer did not recommend, and the court did not adopt, any enhancement under the U.S. Sentencing Guidelines. Rather, under the 2006 Guidelines as used by the court at sentencing, the computation began with a base level of 32 (based on a drug quantity of 7 kilograms of cocaine, a fact admitted in the plea agreement), from which Mr. Concilion Cervantes received a 2-level reduction under the safety valve, *see* U.S.S.G. § 2D1.1(b)(9), a 2-level reduction for his role as a minor participant in the offense (which the court granted even though the probation officer had recommended no reduction), *see* U.S.S.G. § 3B1.2, and finally a 3-level reduction for acceptance of responsibility and timely notification of his intent to plead guilty, *see* U.S.S.G. § 3E1.1(a), (b). Thus, the court did not enhance Mr. Concilion Cervantes' sentence based on facts not presented to jurors or determined beyond a reasonable doubt.

Moreover, courts are entitled to rely at sentencing on facts not presented to jurors or determined beyond a reasonable doubt, as long as the fact is not used to impose a sentence above the statutory maximum. *See United States v. Booker*, 543 U.S. 220, 241 (2005). Mr. Concilion Cervantes appears to have misconstrued *Booker* as holding that the application of any enhancement under the U.S. Sentencing Guidelines (not just a sentence beyond the statutory maximum) violates the Sixth Amendment if based on facts not determined by jurors or beyond a reasonable doubt. In fact, in *Booker*, the U.S. Supreme Court recognized that the U.S. Sentencing Guidelines do not implicate Sixth Amendment concerns when used in an advisory, rather than mandatory, capacity. *Id.* at 245, 264.

For these reasons, Mr. Concilion Cervantes' motions fail to identify any basis upon which he would be entitled to have his sentence vacated, set aside, or corrected, and therefore his motions are denied. Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, this court must also either issue or deny a certificate of appealability. Under 28 U.S.C. § 2253(c), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012). For the above reasons, reasonable jurists would not debate the issues presented in Mr. Concilion Cervantes' § 2255 motion. *Id.* Therefore, the court declines to issue a certificate of appealability.

rs/cpb